09-4993-ag
Mehovic v. Holder

BIA
A075 897 660
A075 897 661
A075 897 662

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of January, two thousand eleven.

PRESENT:
ROGER J. MINER,
JOSEPH M. McLAUGHLIN,
JOSÉ A. CABRANES,
    *Circuit Judges*.

_____

MUJO MEHOVIC, ALSO KNOWN AS MUJO MEJOVIC,
NAZIRA MEHOVIC, ARJAN MEHOVIC
    *Petitioners*,

    v.                                    09-4993-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
    *Respondent*.

_____

FOR PETITIONERS:        Charles Christophe, Christophe &
                        Associates, P.C., New York, New
                        York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Paul Fiornio, Senior

**Litigation Counsel; Catherine B. Bye, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED, in part, and DISMISSED, in part.

Petitioners Mujo Mehovic, Nazira Mehovic, and Arjan Mehovic, natives and citizens of the area of the former Yugoslavia that is now Montenegro and ethic Albanian Muslims, seek review of a November 13, 2009, order of the BIA denying their motion to reopen their asylum-only proceedings. *In re Mujo Mehovic, Nazira Mehovic, Arjan Mehovic*, Nos. A075 897 660/661/662 (B.I.A. Nov. 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). When the BIA considers relevant evidence of country conditions in

2

evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Because petitioners filed this, their second, motion to reopen, more than ninety days after the denial of their original appeal to the BIA, they were required to show changed circumstances in their country of nationality in order for their motion to be exempt from the applicable time and number limitations. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii).

Petitioners contend that the BIA abused its discretion in denying their motion as untimely by failing to consider their evidence regarding changed country conditions. The record does not support this claim, as the BIA explicitly referenced the evidence presented by petitioners. *Cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (holding that, in reviewing the agency's determination for "substantial evidence," we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

Moreover, the BIA reasonably found that petitioners did

3

not establish changed country conditions. *See Jian Hui Shao*, 546 F.3d at 169. Although petitioners submitted evidence detailing discrimination against Albanian Muslims in Montenegro and continuing problems in the country, this does not indicate *changed* conditions because the record included evidence of similar problems at the time of petitioners' initial asylum hearing. *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). Petitioners primarily rely on articles about the arrest, and alleged torture, of 14 Albanians accused of terrorism to show changed country conditions. We have previously determined that such evidence does not demonstrate persecution of Albanians. *See Lecaj v. Holder*, 616 F.3d 111, 117-19 (2d Cir. 2010) (stating that this "single incident of police abuse" shows only "animus against suspected terrorists" and not discrimination against an ethnic minority or religious group). Because substantial evidence supports the BIA's finding that Mehovic failed to demonstrate changed country conditions, the BIA did not abuse its discretion in denying his motion to reopen.

Finally, to the extent that petitioners request review of the BIA's decision not to reopen their proceedings *sua*

4

*sponte*, we lack jurisdiction to review the BIA's decision not to exercise its authority to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a), because such a decision is "entirely discretionary." *Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk